# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ILLINOIS
## EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MORGAN, RONALD | § | Case No. 09-42248 |
| | § | |
| Debtor(s) | § | |

### NOTICE OF SUCCESSOR TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Elizabeth C. Berg, successor trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

United States Bankruptcy Court
219 S. Dearborn Street
7th Floor
Chicago   IL   60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at :

10:30 a.m.
on Friday, June 26, 2015
in Courtroom 240 of the Kane County Courthouse
100 South 3rd Street, Geneva, Illinois

If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____          By: Jeffrey P. Allsteadt _____

*Elizabeth C. Berg,  Successor  Trustee*
*20 N. Clark St., Suite 200*
*Chicago, IL 60602*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MORGAN, RONALD | § | Case No. 09-42248 |
| | § | |
| | § | |
| Debtor(s) | § | |

### SUMMARY OF SUCCESSOR TRUSTEE'S FINAL REPORT
### AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 640,477.19 |
| and approved disbursements of | $ | 541,329.26 |
| leaving a balance on hand of[1] | $ | 99,147.93 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 7 | GMAC | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

| | | |
|---|---|---|
| Total to be paid to secured creditors | $ | 0.00 |
| Remaining Balance | $ | 99,147.93 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Elizabeth Berg Succ. Trustee | $ 7,500.00 | $ 0.00 | $ 7,500.00 |
| Trustee Expenses: D. Grochocinski, Prior Trustee | $ 16.70 | $ 0.00 | $ 16.70 |
| Attorney for Trustee Fees: INNOVALAW, P.C. | $ 55,000.00 | $ 0.00 | $ 55,000.00 |
| Accountant for Trustee Fees: Alan D. Lasko & Associates | $ 919.40 | $ 0.00 | $ 919.40 |

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Accountant for Trustee Expenses: Alan D. Lasko & Associates | $ 24.76 | $ 0.00 | $ 24.76 |
| Charges: United States Bankruptcy Court | $ 250.00 | $ 0.00 | $ 250.00 |
| Other: Arthur B. Levine Company | $ 84.61 | $ 84.61 | $ 0.00 |
| Other: INNOVALAW, P.C. | $ 295.23 | $ 0.00 | $ 295.23 |

Total to be paid for chapter 7 administrative expenses    $        64,006.09

Remaining Balance    $        35,141.84

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 20,000.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Sophia Morgan Markopolous | $ 20,000.00 | $ 0.00 | $ 20,000.00 |

Total to be paid to priority creditors    $        20,000.00

Remaining Balance    $        15,141.84

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 178,757.10  have been allowed and will be paid _pro_ _rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 8.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ 13,166.56 | $ 0.00 | $ 1,115.29 |
| 2 | Chase Bank USA, N.A. | $ 599.28 | $ 0.00 | $ 50.76 |
| 3 | Advanta Bank Corp. | $ 12,080.56 | $ 0.00 | $ 1,023.30 |
| 4 | Sprint Nextel Correspondence | $ 1,743.43 | $ 0.00 | $ 147.68 |
| 5 | CAPITAL ONE BANK USA, N.A. | $ 6,951.06 | $ 0.00 | $ 588.80 |
| 8 | Martin Leasing Corporation | $ 6,421.21 | $ 0.00 | $ 543.92 |
| 9 | Nicholas & Associates, Inc. | $ 130,220.00 | $ 0.00 | $ 11,030.44 |
| 10 | Kendle, Mikuta, & Fenstermaker | $ 7,575.00 | $ 0.00 | $ 641.65 |

Total to be paid to timely general unsecured creditors     $     15,141.84

Remaining Balance     $     0.00

Tardily filed claims of general (unsecured) creditors totaling $ 238,559.22  have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 11 | Westmont Interior Supply House | $ 231,749.57 | $ 0.00 | $ 0.00 |
| 12 | eCAST Settle assign Capital One Yamaha | $ 6,809.65 | $ 0.00 | $ 0.00 |

Total to be paid to tardy general unsecured creditors     $     0.00

Remaining Balance     $     0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0  percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ _____

Elizabeth C. Berg, Successor Trustee

*Elizabeth C. Berg,  Successor Trustee*
*20 N. Clark St., Suite 200*
*Chicago, IL 60602*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.